## BULDUZZI v. JAMES RAMAGE PAPER CO.

(Circuit Court, D. Vermont. August 12, 1905.)

1. MASTER AND SERVANT—ACTION FOR INJURY TO SERVANT—EVIDENCE OF RELATION BETWEEN THE PARTIES.

The finding of a jury that defendant, in its employment of plaintiff in getting out stone for a bridge to be built by a town, was a principal, and not merely the agent of the town, and was therefore liable for negligence causing plaintiff's injury, *held* supported by the evidence.

2. DAMAGES—PERSONAL INJURY—EXCESSIVE VERDICT.

A verdict awarding $9,000 damages to a laborer for personal injuries *held* excessive under the evidence, and a remittitur of $2,000 required.

At Law. On motion by defendant for a new trial.

Clarke C. Fitts, for plaintiff.

Arthur P. Carpenter, for defendant.

WHEELER, District Judge. The defendant has moved to set aside the verdict of $9,000 for want of evidence that the defendant was the principal, and not an agent of the town of Rowe in the employment of the plaintiff, and for excessive damages. The plaintiff was at work getting out stone for an abutment for a bridge in the highways of Rowe, but which the defendant wanted to have advanced in construction, and agreed to provide materials for. The evidence seems to have been ample that the defendant was furnishing the stone on its own behalf under the agreement with Rowe on the question whether as principal or agent submitted to the jury. The defendant would have been right, if the finding had been the other way. Brown v. Lent, 20 Vt. 529. But the finding for the plaintiff as to this upon such competent evidence cannot properly be disturbed.

The damages, on comparison with many verdicts for personal injuries, seem large. Still it cannot properly be disturbed merely for that, but only because the jury may have been misled by some wrong motive, or some error. The plaintiff was a laborer, and the income from the verdict as a principal sum would be near what he

could earn. The jury may not have considered fully that he would have the principal sum besides, as compensation for his sufferings. In view of what would be probably necessary to make good the pecuniary loss, and what has been usually awarded for pain and deprivation of enjoyment, $7,000 seems to be adequate, and nearer right. If the verdict should be set aside for this, the opinion of another jury could be taken; but the administrator, the plaintiff having died, may prefer to remit $2,000 of the verdict to having it set aside.

Unless $2,000 of the damages are remitted within 10 days, let the verdict be set aside; but, if so remitted, judgment nunc pro tunc on verdict for the remainder.